THE KICK LAW FIRM, APC
Taras Kick (SBN 143379)
Taras@Kicklawfirm.com)
Robert J. Dart (SBN 264060)
Robert@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone:    (310) 395-2988
Facsimile:    (310) 395-2088

Attorneys for Plaintiffs
Melissia Henson and Keith Turner

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSIA HENSEN and KEITH TURNER, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC.,<br><br>Defendant. | Case No. 2:14-CV-01240-ODW(AFMx)<br><br>Judge Otis D. Wright, II<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date: May 21, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5D |

## TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 21, 2018, at 1:30 p.m., or as soon thereafter as they may be heard, at 1st Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 5D, fifth floor, Plaintiffs Keith Turner and Melissia Henson will and hereby do move this Court for an Order granting them leave to file a renewed motion for class certification. The motion is based on this notice of motion, the accompanying memorandum of points and authorities, the concurrently filed Declaration of Taras Kick, the concurrently filed Request for Judicial Notice, all matters of which this Court may take judicial notice, and such further evidence and

argument as may be presented at the hearing on the Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 8, 2018, and again on March 30, 2018, when the parties also discussed the Court's requirement that the parties file a joint status report by April 2, 2018.

Respectfully submitted,

Dated:  April 23, 2018                        THE KICK LAW FIRM, APC


By:  /s/ Taras Kick
     Taras  Kick, Esq.
     Robert J. Dart, Esq.
     Attorneys for Plaintiffs
     Keith Turner and Melissia Henson

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

I. **REASONS FOR LEAVE TO FILE MOTION FOR CLASS CERTIFICATION**.

Plaintiff has taken this Honorable Court's Order of June 18, 2014, denying the motion for class certification very seriously, and respectfully requests an opportunity to file a motion for class certification which Plaintiff believes will address all of the Court's concerns raised in its initial Order.  Plaintiff intends that this will include a very substantially reduced class definition which limits itself to the document retention policy of five years already admitted to by Defendant itself, as well as even further reduced proposed sub-class periods which limit themselves to a one-year period, and to an issues class.  One of this Court's chief concerns in its 2014 Order was that the proposed class period had no real temporal limit on it, going back to 1999, and pre-dating Defendant Fidelity National Financial's ("FNF") document retention policy.

The request is also particularly appropriate not only in light of the Ninth Circuit denying Defendant FNF's attempted appellate Motion to Dismiss and instead remanding and mandating the case back to this Court, but also as a result of several important new Ninth Circuit cases directly affecting the issues in this Court's Order of June 18, 2014.  Specifically, these cases include but are not limited to *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Edwards v. First Am. Corp.*, 798 F.3d 1172(9th Cir. 2015);  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023 (9th Cir. 2014), and *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694 (9th Cir. 2016).

II. **AN ORDER GRANTING OR DENYING CLASS CERTIFICATION IS "INHERENTLY TENTATIVE."**

An Order granting or denying class certification is "inherently tentative" *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 633 (9th Cir. 1982) and can be revisited at any time prior to final judgment under Rule 23(c)(1) of the Federal Rules of Civil Procedure.   (citing *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 102 Ss. Ct. 2364, 2371 (1982) (order on class certification is

"inherently tentative"); *see also Fair Hous. for Children Coal., Inc. v. Pornchai Int'l*, No. 88-5999, 1989 U.S. App. LEXIS 24613, at *4 (9th Cir. Nov. 30, 1989) ("Before entry of final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."); *Nei Contracting & Eng'g v. Hanson Aggregates, Inc.*, No. 12-cv-01685-BAS(JLB), 2016 U.S. Dist. LEXIS 60624, at *14-15 (S.D. Cal. May 5, 2016) (same); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S. Ct. 2454, 2458 (1978) ("An order passing on a request for class certification . . . is subject to revision in the District Court.").

For this reason, courts in this circuit routinely have granted motions for leave to file renewed class certification motions. *See Bushbeck v. Chi. Title Ins. Co.*, No. C08-0755JLR, 2012 U.S. Dist. LEXIS 15248, at *8 (W.D. Wash. Feb. 8, 2012); *Rosales v. El Rancho Farms*, No. CIV-F-09-0707 AWI JLT, 2012 U.S. Dist. LEXIS 93811, at *16 (E.D. Cal. July 5, 2012); *Somers v. Apple, Inc. (In re Apple iPod iTunes Anti-Trust Litig.)*, No. C 05-00037 JW, 2010 U.S. Dist. LEXIS 64772, at *34 (N.D. Cal. June 29, 2010) ("The parties shall also propose a schedule for Plaintiffs' anticipated Renewed Motion for Class Certification.").

## III.  *BRISENO v. CONAGRA*: THE NINTH CIRCUIT HAS HELD THERE IS NO ASCERTAINABILITY REQUIREMENT IN THIS CIRCUIT.

In its Order of June 14, 2014, which preceded the Ninth Circuit's opinion in *Briseno* by almost three years, at page 9:1-9, this Court held as follows in denying class certification:

> "Since the Court has found that individual issues with respect to whether a putative class member had a federally related mortgage loan predominate, it likewise follows that the proposed class is **not ascertainable**…Such an intricate, individualized inquiry **belies ascertainability**." (Emphasis added.)

The relevant portions of this Court's Order to which its holding on ascertainability was referencing included the following.  First, at page 9:16-27, the

Court found that Turner had indeed established commonality:

> "Turner has properly established that the question of whether Fidelity violated § 2607(a) by accepting "any fee, kickback, or thing of value pursuant to" the marketing-fee arrangements that its escrow subsidiaries would refer business to the Delivery Companies is common to the putative class. So long as a putative class member obtained a federally related mortgage loan and paid an overnight delivery fee, the legal question that arises is whether Fidelity violated RESPA through a marketing fee arrangement in place at the time. This common question is also apt to establish common answers. Each putative class member must establish that Fidelity violated § 2607(a) in order to recover. Therefore, with all putative class members joining together, resolving that issue on a classwide basis will determine an issue relative to each prospective member. The Court thus finds that Turner has established Rule 23(a)'s commonality element."

But then this Court, at page 14:14-16, in its analysis of <u>predominance</u>, went on to conclude that there was no administratively feasible way to conduct the  inquiry into which class members had qualifying federally related loans, and were not subject to the seven exemptions found in RESPA, without "swallowing" the litigation:

> "So while the Court can readily discern a common question that would govern Turner's proposed class, **RESPA prerequisites** will quickly **swallow** the litigation in a sea of class-member-specific inquiries." (Emphasis added.)

*Briseno* has made clear that whether a district court calls its analysis "ascertainability" or something else, there is no such requirement for certification in the Ninth Circuit:

> "ConAgra called this a failure of "ascertainability." We refrain from referring to "ascertainability" in this opinion because courts ascribe widely varied meanings to that term. For example, some courts use the word "ascertainability" to deny certification of classes that are not clearly or objectively defined. See, e.g., *Brecher v. Republic of Argentina*, 806 F.3d 22, 24-26 (2d Cir. 2015) (holding that a class defined as all owners of beneficial interests in a particular bond series, without reference to the time owned, was too indefinite); DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970) (affirming denial of class

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

certification because a class composed of state residents "active in the 'peace movement'" was uncertain and overbroad). Others have used the term in referring to classes defined in terms of success on the merits. See, e.g., *EQT Prod. Co. v. Adair*, 764 F.3d 347, 360 n.9 (4th Cir. 2014) (remanding and instructing the district court to consider, "as part of its class-definition analysis," *inter alia*, whether the proposed classes could be defined without creating a fail-safe class). Our court does not have its own definition. ..

On appeal, ConAgra continues to present administrative feasibility as part of a threshold "ascertainability" prerequisite to certification...ConAgra cites no other precedent to support the notion that our court has adopted an "ascertainability" requirement. This is not surprising because we have not. Instead, we have addressed the types of alleged definitional deficiencies other courts have referred to as "ascertainability" issues, see supra note 3, through analysis of Rule 23's enumerated requirements. See, e.g., Torres v. Mercer Canyons Inc., 835 F.3d 1125, 1136-39 (9th Cir. 2016) (addressing claim that class definition was overbroad—and thus arguably contained some members who were not injured—as a Rule 23(b)(3) predominance issue); Probe v. State Teachers' Ret. Sys., 780 F.2d 776, 780 (9th Cir. 1986) (recognizing that a class must not be vaguely defined and must be "sufficiently definite to conform to Rule 23").

*Briseno*, at 1124.

Similarly, in *Bruton v. Gerber Prods. Co.*, No. 15-15174, 2017 U.S. App. LEXIS 12833, at *2 (9th Cir. July 17, 2017), the Ninth Circuit reversed  the district court's denial of class certification on ascertainability grounds, holding, "[t]he district court erred when it held that the class could not be certified because it was not 'ascertainable.' . . . the district court's reasoning runs headlong into an inconsistent case that was decided after the district court's ruling." **[*Briseno*.]**

Further making the point that courts sometimes conflate the concept of ascertainability with predominance, is The Honorable James Otero's holding in *Edwards v. First American*, 2:07-cv-03796, Docket No. 378 (C.D. Cal. Nov. 30, 2012) when denying Defendant's attempt  to decertify the RESPA class in :

"The Court does not find the reasoning of *Carter v. Welles-Bowen Realty, Inc.*, Nos. 05-CV-7427, 09-CV-400, 2010 WL 908464 (N.D. Ohio Mar. 11, 2010), cited by Defendants for the proposition that determining whether loans are

4

"federally related" for the purposes of RESPA defeats predominance under FRCP 23(b)(3), to be persuasive. **The court in *Carter* appears to have conflated the issues of whether common issues predominate and whether the class is ascertainable. Whether the class members' loans were "federally related" is an issue of class ascertainability, and not predominance, as the class definition includes only those class members whose loans were "federally related."** The cases cited by Defendants in their Supplemental Brief make the same error. Defendants also conflate these issues. (*See, e.g.*, Reply Decertify 5.) **In any event, the holdings of these cases are directly contrary to the Ninth Circuit's opinion in this case**."

In sum*,* not only was Judge Otero right in *Edwards* on this issue, but, *Briseno* and *Bruton* are two Ninth Circuit cases which both came down subsequent to this Court's 2014 Order, of which neither this Court nor Plaintiff had the benefit at the time. Plaintiff therefore should be allowed to address the Court's concerns under these two new Ninth Circuit cases about the work which would be required to determine whether a loan was federally related or qualified under the seven RESPA exceptions. Further, Plaintiff is confident that limited discovery in the form of document requests and a Rule 30(b)(6) definition of Defendant's designee on the issue of what information is stored electronically and what information is stored in paper-form will provide evidence additionally making clear that certification of the proposed class is appropriate.  (See Declaration of Taras Kick ["Kick Decl.] ¶ 5.)

## IV.  PLAINTIFF'S PROPOSED NEW CLASS DEFINITIONS ADDRESS THIS COURT'S CONCERNS IN ITS 2014 ORDER.  THE CLASSES WILL NOT GO FURTHER BACK THAN FIVE YEARS, AND WILL SUBCLASS FOR ONE YEAR AND AN ISSUES ONLY CLASS.

### A.    A Five-Year Class Instead of an Almost Twenty Year Class.

In the original motion for class certification, Plaintiff proposed a class going all the way back to 1999. The Court was concerned about the fact that Fidelity's record retention policy did not go back that far, and at page 14:3-12 of its Order held:

"The Court is not persuaded by Fidelity's arguments that it will be difficult and

time-consuming to review each putative class member's records to determine which delivery vendor serviced a particular real-estate settlement. Large-scale litigation like this proposed class action is rarely simple. **But the record-retention issues present a more compelling problem. For many states, Fidelity's escrow subsidiaries only keep escrow records for five years**. As discussed above, Turner wants to envelop some 15 years' worth of escrow transaction into his proposed class. It does not take much imagination to see the very real problem that will plague this litigation if the Court places its imprimatur on such a far reaching class. (Emphasis added.)

To address this Court's concern, Plaintiffs have agreed to limit their class period to go back no further than five years from the date of the filing of the Complaint, through the date of class certification.  In fact, Plaintiffs are so serious about this and committed to it, that Plaintiffs actually stipulated to an Order being entered by the Magistrate Judge on this earlier today, and such Order was indeed entered today.  (Docket No. 88.)

Therefore, as FNF itself admitted that its record retention period goes back at least five years, and as FNF placed a litigation hold over the records in question at the time this case was filed, modifying the class definition in this manner fully addresses that particular concern this Court had with the class definition.

Further, Plaintiff intends to present sub-classes in this five-year class so as to further limit the class members to those where electronic records of Fidelity (such as for example, HUD-1 or URLA forms) would permit identification of the fee paid and class membership.  Plaintiff is confident that limited discovery in the form of document requests and a Rule 30(b)(6) deposition of Defendant's designee on the issue of what information is stored electronically and what information is stored in paper-form will provide evidence additionally making clear that certification of the proposed class is appropriate.  (Kick Decl. ¶ 5.)

## B.    A One Year Sub-Class.

This Court did have additional concerns with the class definition.  Specifically,

the Court also stated at page 13:9-11:

> "Moreover, most proposed class definitions that the Court comes across contain some sort of temporal limitations usually keyed to the applicable statute of limitation. Not here."

Plaintiff, as state above, has stated a temporal limit of five years prior to filing.

But Plaintiff also has taken very seriously and addresses this Court's additional statement about the time period of the class in its Order at 10:24-26 that "RESPA's one-year statute of limitations for § 2607 violations will plague many putative class members' claims" and at page 13:20-22:

> "If the issue were simply whether a class member fell within the one-year limitations period, there would be little difficulty in assessing the viability of each putative class member's claims."

In light of this Court's above statement, Plaintiff therefore intends also to propose a sub-class in the new motion for class certification which goes back only one year from the date of filing, meaning to September 9, 2012, should this Court for some reason not agree it is appropriate to certify a class longer than the one-year RESPA statute of limitations.

However, on this issue of a RESPA statute of limitations, there is also a new Ninth Circuit case directly on point which holds that equitable tolling is indeed appropriate in a RESPA case, contrary to Defendant's arguments to this Honorable Court.  Specifically, on July 14, 2014, <u>approximately one month after this Court issued its Order on certification</u>, as luck would have it, the Ninth Circuit held in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1036 (9th Cir. 2014) as follows:

> "We have not previously decided whether the RESPA statutory limitations period may be equitably tolled. *King* did, however, address a closely similar question concerning the TILA limitations period. *King*, 784 F.2d 910. *King* held that the TILA limitations period was subject to equitable tolling. *Id*. at 915. We reach the same conclusion here with regard to the RESPA limitations

period."

Therefore, relying on this new Ninth Circuit case of *Merritt*, that "RESPA claims are presumptively amenable to equitable tolling" (*Id*. at 1039), Plaintiffs will present reasoning and new controlling law in their new motion for class certification why the class period ought to go back to 2008, the date to which FNF itself admits it has retained records.[1]

Further, Plaintiff intends to present sub-classes in this one-year class so as to further limit the class members to those where electronic records of Fidelity (such as, for example, HUD-1 or ULRA forms) would permit identification of the fee paid and class membership.  Plaintiff is confident that limited discovery in the form of document requests and a Rule 30(b)(6) deposition of Defendant's designee on the issue of what information is stored electronically and what information is stored in paper-form will provide evidence additionally making clear that certification of this proposed class is appropriate, and requests such.  (Kick Decl. ¶ 5.)

///

---

[1] Since the briefing, several other courts also have held in RESPA cases that the application of the discovery rule, equitable tolling, and equitable estoppel do not create individual issues which predominate over class-wide issues.  In *Waldrup v. Countrywide Fin. Corp.*, No. 2:13-cv-08833-CAS (AGRx), 2018 U.S. Dist. LEXIS 23060, at *42-44 (C.D. Cal. Feb. 6, **2018**), the Defendants "maintain[ed] that a 'borrower-by-borrower analysis [was] necessary to determine when each putative class member became aware of potential claims and the applicability of equitable tolling, a highly individualized inquiry not suitable for class treatment.'"  The court noted that "the Ninth Circuit has repeatedly rejected this argument, instead holding that individual issues as to when class members' discovered their injuries do not predominate where, as here, plaintiffs allege that defendants' omissions and misrepresentations resulted in plaintiffs remaining unaware of their injuries."  *Id*. (citing *Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 478 (9th Cir. 1976) (holding that the "existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones" where plaintiff alleged that defendant made misrepresentations and omissions in its communications with class members); *see also Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975) ("The existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones."); *see also Spears*, 2014 U.S. Dist. LEXIS 130521, at *58-59, (rejecting defendant's argument that "equitable tolling requires an individualized inquiry into each class member's circumstances.").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

## C.    An Issue Only Sub-Class.

Plaintiff also intends to propose an issue only sub-class in the new motion for class certification.  Under Rule 23(c)(4)(A), even if the requirement of predominance is not met, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."  *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 544 (N.D. Cal. 2012) ("Although the Court determines that class certification is appropriate for all of Plaintiffs' claims under a (b)(2)/(b)(3) hybrid approach, even if individualized issues were to predominate with respect to Plaintiffs' monetary relief claims, the Court would utilize the mechanism under Rule 23(c)(4) to adjudicate those issues capable of class wide resolution separately.").  Class certification of specific issues enhances the efficacy of litigation by allowing the court to analyze specific issues on a class-wide basis rather than requiring inefficient and duplicative individual actions on those issues.  *See McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (finding certification appropriate under (b)(2) and (c)(4) when "[t]he practices challenged in this case present a pair of issues that can most efficiently be determined on a class-wide basis consistent with" Rule 23(c)(4)).

Here, this Court already found in its Order at 9:16-27:

> "Turner has properly established that the question of whether Fidelity violated § 2607(a) by accepting "any fee, kickback, or thing of value pursuant to" the marketing-fee arrangements that its escrow subsidiaries would refer business to the Delivery Companies is common to the putative class...[T]he Court thus finds  that Turner has established Rule 23(a)'s commonality element."

With regard to Plaintiffs' claims under § 8(a) of RESPA, this Court already has held, "Congress has not exempted delivery and office-supply companies from the prohibition against kickbacks and unearned-fee splitting . . ." and further held, in denying FNF's Rule 12(b)(6) motion on the § 8(a) RESPA claim:

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED
MOTION FOR CLASS CERTIFICATION

> "[**T**]**he Court agrees with Henson and Turner that they have adequately alleged a referral**. Plaintiffs allege that the Delivery Companies paid Fidelity a "marketing" fee based on the volume of business that Fidelity's subsidiaries referred to the carriers. (Compl. ¶ 25.) Under the Regulations, when "a thing of value is received repeatedly and is connected in any way with the volume or value of the business referred, the receipt of the thing of value is evidence that it is made pursuant to an agreement or understanding for the referral of business." 24 C.F.R. § 3500.14(e) (emphasis added)**. Plaintiffs are also correct that the prohibited referral agreement need not be linked to each particular real-estate settlement; it is enough that the relationship exists and that forbidden payments are made**. *Freeman*, 132 S. Ct. at 2043."

Order Granting in Part and Denying in Part Motion to Dismiss, Docket No. 26, at 11:22-25 and 12:23-13:4.  (Emphasis added.)

Similarly, in denying FNF's Motion for Judgment on the Pleadings [Docket No. 33], this Court held:

> "**Turner agrees that while § 2607(c)(2) does not define the term "settlement services," it is clear that is what Congress meant when it used the word "services" standing alone. The Court concurs**…..Congress would have vitiated RESPA's  purposes by permitting kickbacks as  long as the recipient performed any service—even if the service bore no relationship to a real-estate settlement. The Court therefore interprets § 2607(c)(2) as exempting payments "for [settlement] services actually performed…"
>
> "**Turner has presented an interesting argument**…..[l]ooking at it another way, **promoting services and receiving a fee is just a prohibited kickback by another name**.  Indeed, in any quid pro quo kickback, a person necessarily gets a fee (the quid) for (pro) promoting or encouraging another to use the item, service, or other thing at issue (the quo

Order Denying Motion for Judgment on the Pleadings, at 5:14-26 and 10:13-22.

Accordingly, Plaintiff intends to move alternatively in its renewed motion for class certification for a sub-class under Rule 23(c)(4)(A).

Further, Plaintiff is confident that limited discovery in the form of document requests and a Rule 30(b)(6) deposition of Defendant's designee on the issue of what information is stored electronically and what information is stored in paper-form will

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

provide evidence additionally making clear that certification of the proposed class is appropriate.  (Kick Decl. ¶ 5.)

**V.    THE NINTH CIRCUIT IN *EDWARDS v. FIRST AMERICAN*
ALLOWS REASOANBLE DISCOVERY IN A RESPA CASE AS
SUCH.  IF ALLOWED BY THIS COURT, DISCOVERY WILL
PROVIDE EVIDENCE FURTHER SUPPORTING CERTIFICATION.
ADDITIONALLY, A NUMBER OF NEW CASES HAVE ADDRESSED
THE RESPA ISSUES HEREIN IN  FAVOR OF CERTIFICATION.**

In *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015), the Ninth

Circuit held as follows:

> "After completing discovery, Edwards moved to certify the Tower City class.
> The district court denied certification. We reversed and held that "there is a
> single, overwhelming common question of fact: whether the arrangement
> between Tower City and First American violated" RESPA. *Edwards v. The
> First Am. Corp., 385 F. App'x 629, 631 (9th Cir. 2010) ("Edwards I").*[2] **We
> ordered nationwide discovery on remand and gave Edwards an
> opportunity to renew her motion to certify a nationwide class**.
> *Id. [**7]*  **After further discovery**, Edwards moved to certify a nationwide
> class consisting of all home buyers who entered into a federally-related
> mortgage transaction using one of thirty-eight title agencies that sold a minority
> ownership interest to First American and, in the same transaction, agreed to
> refer future title insurance business to First American."

Although Plaintiff believes that under the additional new Ninth Circuit cases of

---

[2] In *Edwards I*, the Ninth Circuit held as follows: "The district court abused its discretion in denying
the Tower City (Ohio) class. With respect to liability, there is a single, overwhelming common
question of fact: whether the arrangement between Tower City and First American violated the Real
Estate Settlement Procedures  **[**4]** Act of 1974, 12 U.S.C. § 2607 ("RESPA"). The district court
erred when it held that individualized issues predominated because individualized proof would be
necessary to determine whether Tower City had referred each class member to First American Title,
**who was in the class**, and what damages each class member suffered. **The second two factors
clearly do not defeat class certification; every class action requires identification of class
members, and most require individual proof of loss**. *See Yokoyama v. Midland Nat'l Life Ins. Co.,*
594 F.3d 1087, 1094 (9th Cir. 2010) ("[T]he amount of damages is invariably an individual question
and does not defeat class action treatment." (internal quotation marks omitted))." (Emphasis added.)

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED
MOTION FOR CLASS CERTIFICATION

*Briseno* and *Bruton* that Plaintiff may not be required for certification purposes to establish the ascertainability factors of whether a loan was federally related or fell under one of RESPA's seven exceptions, because this Court did indeed raise these issues as a basis for denying the motion for class certification previously, Plaintiff addresses them here also on the substance, and would request limited reasonable discovery, similar to in *Edwards*,  in the form of document requests and a Rule 30(b)(6) deposition of Defendant's designee on the issue of what information is stored electronically and what information is stored in paper-form as Plaintiff believes the evidence derived from this discovery will satisfy each of the concerns expressed by the Court on these issues.

Specifically, in denying class certification, the Court relied greatly on,

"The Regulations provide that RESPA applies to all federally related mortgage loans except for the exemptions contained in 24 C.F.R. § 3500.5(b). That subsection sets forth seven different exceptions, including a loan on property greater than 25 acres, a loan primarily for business purposes, temporary financing, vacant or unimproved property, subsequent assumptions without lender approval, loans converted to  different terms, and secondary-market transactions."

(Docket No. 50 at p. 12:2-7.)

The Court also stated at page 12:28-13:2of its Order:

"The Court cannot simply include people within the putative class simply because it is likely that their mortgage is federally related; the individual must still prove this point."

As Judge James Otero explained in denying the Defendant's attempt to decertify the class in *Edwards v. First American*:

"Defendants' argument needlessly complicates the inquiry into whether each class member's loan was "federally related." Loans are "federally related" if they are made by a lender who "makes or invests in residential real estate loans aggregating more than $1,000,000 per year." 12 U.S.C.§ 2602(1)."

12

*Edwards v. First American*, 2:07-cv-03796, Docket No. 378 (C.D. Cal. Nov. 30 2012)

        As evidenced by Exhibit 1 to the Kick Decl., Judge Otero is right.  In addition to discovery of  Defendant FNF, if allowed by this Court, to prove this there are industry financial publications which will indicate classwide whether such loans qualify as federally related under this test.  Further, Exhibits 4 and 5 to the Kick Decl. are information packages from electronic data companies with whom counsel has spoken reflecting how such data can be extracted and processed electronically. (Kick Decl. ¶¶ 4- 6.)

        Other courts have recently explained how these concerns can be addressed in other reasonable manner, and have explained that since every RESPA class action has this requirement and these exceptions, denying certification based on them would mean no RESPA class action could ever go forward.

        In *Edwards v. First Am. Corp.* 798 F.3d 1172, 1180-81 (9th Cir. 2015), the district court found that individual inquiries were required under § 2607(a) to determine whether a kick-back occurred.  The Ninth Circuit Court of Appeal disagreed, holding the district court erred in concluding that the common issue does not predominate over individual issues for the proposed class members, and that the district court had "abused its discretion in denying class certification based on an erroneous interpretation of § 2607(a) . . . and that cases alleging illegal kickbacks in violation of § 2607(a) are not necessarily unfit for class adjudication." *Id*.  The question of "[w]hether First American paid a thing of value to get its agreement for exclusive referrals" predominated over all individualized issues. *Id*. at 1183.  The *Edwards* case successfully resolved with notice to the overwhelming majority of class members accomplished by publication, and is an example of another successfully

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

settled RESPA class action alleging similar claims to those alleged here.[3]

In *Spears v. First Am. eAppraiseIT*, No. 5-08-CV-00868-RMW, 2014 U.S. Dist. LEXIS 130521, at *54-58 (N.D. Cal. Sep. 16, 2014), the Defendant "argue[d] that determining which loans were subject to RESPA, question (4), [would] swallow the litigation." But the Spears court disagreed, and certified the proposed class. *See also Fangman v. Genuine Title, LLC*, Civil Action No. RDB-14-0081, 2016 U.S. Dist. LEXIS 154582, at *30-32 (D. Md. Nov. 8, 2016) (finding that "readily-available loan documents, including the Uniform Residential Loan Application, provide more than enough information to ascertain whether the class members' individual loans are covered under RESPA"); *Frank A. v. Emery Fed. Credit Union*, No. 1:15-cv-792, 2017 U.S. Dist. LEXIS 127022, at *30-31 (S.D. Ohio Aug. 10, 2017) ("the suggestion to employ a questionnaire for claimants regarding RESPA applicability—could be effective.")[4]

Plaintiff believes that discovery, if permitted by this Court, likely will reveal that FNF not only has the federally required HUD-1and the Uniform Residential Loan Application ("ULRA") for the class members, but that it most likely has them in an electronic form. (Kick Decl.¶ 4-7.) Attached is an exemplar ULRA. (Kick Decl. Ex. 3.) The seven numbered items in the RESPA exemptions, 24 CFR 3500.5(b), which this Court cites in its Order are as follows: 1. Property greater than 25 acres; 2. Business purpose; 3. Temporary financing; 4. Vacant land; 5. Certain types of loan assumptions; 6. Loan conversion if no new note is required; and, 7. Secondary market transaction unless it is table-funded.

---

[3] The class notice in *Edwards* is attached to the Kick Declaration as Exhibit 7.

[4] The *Spears* case is an example of a successfully settled class action alleging RESPA claims very similar to those pled here. The class notice in *Spears* is attached to the Kick Declaration filed in support of this motion as Exhibit 6.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED
MOTION FOR CLASS CERTIFICATION

As can be seen from Exhibit 3 to the Kick Declaration, the attached URLA template, information fields on page one of the URLA exist to address each of the exemptions: A.  Number of months in the mortgage (exemption (3); B.  Purpose of loan (exemptions (2) and (3); C.  Will property be primary/secondary residence, or for investment?  (Exemptions (2) and (4)); D. if the interest rate and term for a mortgage are shown, then this likely is not a loan conversion/no new note required (exemptions (6) and (5); F.  If an URLA exists at all, then by definition it is not a secondary market transaction (exemption (7)).[5]

Additionally, from a HUD-1, at least the following exemptions should be able to be addressed: A.  If a seller is shown at all, the loan can't be a loan conversion (exemption (6); B.  Line 903, whether homeowner insurance must be paid — not if this is a business purpose loan or temporary loan (exemptions (2) and (3)); C.  Line 1101, title insurance (TI) — cannot apply if this is a secondary market transaction (exemption (7); D.  recites loan term of mos/year and also interest rate — addresses temporary loan (exemption (3).)

Further, if allowed discovery, Plaintiff believes it will disclose that Fidelity has different rates depending on the nature of the loan, such as whether a building is erected on the property.  Further, if allowed discovery, on information and belief, Defendant FNF has other electronic and paper sources for this information. (Kick Decl. ¶¶ 4- 7.)

Plaintiffs respectfully believe that in light of *Edwards* and *Spears*, and other related cases mentioned above, Plaintiff should be allowed to file another motion for class certification and conduct reasonable discovery as outlined herein.

///

---

[5] Also, item E., might note the number of acres (exemption (1).)

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

## VI.   The Local Rule 23-3 Timing Issue.

In the new Ninth Circuit case of *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016), the Ninth Circuit Court of Appeal held:

"…that the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage." *Id.* (citing Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete)).[6]

Further, in light of the above changes in law and other changes in circumstances already outlined in the prior sections of this brief, the Local Rule 23-3 would not be applicable in this instance.

Further, the specific timing which occurred here might not have been fully clearly emphasized in the papers, and Plaintiff believes this Court likely might want to know this.  Specifically, as this Court knows, Rule 23-3 of the Local Rules for the Central District of California provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for class certification . . . unless otherwise ordered by the Court."

But this case originally had been filed in the Eastern District of California on September 9, 2013, and then subjected to a Motion to Transfer by Defendant.  The Eastern District has no comparable rule to this 90 day rule.  By the time that the case was transferred to the Central District on February 18, 2014,  90 days had already

---

[6] And in *Edwards 1*, a RESPA case like this one, the Ninth Circuit held, "The district court abused its discretion in denying nationwide discovery. Plaintiff must be given "an opportunity to present evidence as to whether a class action [is] maintainable," and such an opportunity requires "enough discovery to obtain the material." *Doninger v. Pac. Nw. Bell, Inc.* 564 F.2d 1304, 1313 (9th Cir. 1977). We hold that Plaintiff should be allowed to conduct nationwide discovery and, following that discovery, Plaintiff may renew her motion for certification of a nationwide class."

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION

elapsed since the filing of the complaint on September 9, 2013.  Therefore, it was literally impossible for Plaintiffs to comply with the 90-day requirement if the time were counted from the date of the filing in the Eastern District.

However, Plaintiffs did file their motion for class certification within 90 days of the February 18, 2014, Order transferring the action to the Central District, specifically filing on May 16, 2014.  Therefore, the motion actually had been filed within 90 days of being in the Central District.  *See, e.g., Garcia v. Concentra Health Servs.*, 2015 U.S. Dist. LEXIS 7476, *2 (C.D. Cal. 2015) (assuming the 90-days started running when the action was removed from state court instead of when the complaint was served).

Further, applying Rule 23-3 to bar Plaintiffs' motion is also inconsistent with the stated policy in the Ninth Circuit to afford plaintiffs discovery before requiring them to file a class certification motion.  *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.").[7]

---

[7] Plaintiff also believes that as a result of the 2003 change to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure, with the former requirement of a certification ruling taking place "[a]s soon as practicable after the commencement of [the] action" to the more relaxed directive that the ruling take place "[a]t an early practicable time", Local Rule 23-3's 90 day limit might now be running contrary to the FRCP.  According to Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment, this change was enacted in recognition of the "many valid reasons that may justify deferring the initial certification decision," *id*., and has been recognized by the federal courts as having relaxed the timing requirements for filing a motion for class certification, in light of the need, in order to meet the standards set forth in  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541 (2011) and similar cases, for precertification discovery.  *See, e.g., St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2016 U.S. Dist. LEXIS 69705, at *6 (E.D. Mo. May 27, 2016) (The Court agrees . . . that Rule 23(c)(1)(A) . . . actually relaxes the timetable for class certification from the previous standard).  It would therefore be inconsistent with the relaxed standard set forth in the amended Rule 23(c)(1)(A) to apply Rule 23-3 in this case to have required Plaintiffs to file their motion for class certification before they even knew that this case would be

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED
MOTION FOR CLASS CERTIFICATION

Here, Plaintiff has demonstrated how discovery will satisfy the concerns the Court expressed in its initial Order denying class certification.

## VII.   CONCLUSION

Plaintiffs respectfully request that the Court grant them leave to file a renewed motion for class certification.

Dated:  April 23, 2018                                      Respectfully submitted,

THE KICK LAW FIRM, APC

By:  /s/ Taras Kick
        Taras Kick, Esq.
        Robert J. Dart, Esq.
        Attorneys for Plaintiffs
        Keith Turner and Melissia Henson

---

transferred to this Court, and that the Rule would even apply.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED
MOTION FOR CLASS CERTIFICATION

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, a copy of the foregoing document was electronically filed using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

Respectfully submitted,

/s/ Robert Dart

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION